## A. T. STEWART v. W. M. and J. LAPSLEY.

A debtor, in embarrassed circumstances, cannot lawfully place his property out of the reach of his creditors, nor is he justified in distinguishing between them, and leaving the debts arising from his endorsements unsatisfied. And it makes no difference whether a sale, made to accomplish such illegal purposes, was advantageous or not to the creditors. Articles C. C. 1964 and 19, cited and applied.

APPEAL from the Second District Court of New Orleans. This case was tried by a jury, before *Lea*, J. *T. B. Hart*, for plaintiff. *C. Roselius*, for defendant. By the court: *(Slidell,* J., dissenting.)

ROST, J. We have reason, from the perusal of the record in this case, to be fully convinced, that the *Lapsleys* were insolvent when they sold their entire stock in trade to *Turner*, on long terms of credit, and without security; that the object of the sale was certainly to delay, and probably to defeat, the plain-

tiffs, and others of their creditors, in the pursuit of their legal rights, and that *Turner* was apprised of their situation, and of the object they had in view, when he purchased. The only question left doubtful by the evidence is, whether the sale was fraudulent or simulated. And, although it might be important to ascertain its true character, if *Turner* claimed, in kind, the goods taken by the sheriff in execution, that question is not material to the issue which the case presents.

The goods have been sold by the sheriff. *Turner* sued in affirmance of the sale, and claims damages, alleged to have been sustained by him in consequence of it. He must, as other litigants, come into court with clean hands; and it is enough to defeat his action, that he was a party to the fraud perpetrated by his vendors, and had notice of it.

The verdict would have done injustice to the plaintiffs, if the sale from *Lapsley* to *Turner* had been a fair and honest transaction, and can only be accounted for by the delusion, which seems to prevail among all classes, that when a debtor finds himself unable to meet his engagements, and is hard pressed by some of his creditors, he may lawfully place his property out of the reach of legal process, and constitute himself, as it were, his own syndic. Nay, the delusion does not stop there. Out of the proceeds of the property thus made away with, the debtor is considered justified in distinguishing between his creditors, and leaving the debts arising from endorsements, unsatisfied. The testimony of the defendant, *Turner*, was given under the influence of that delusion. His witnesses testify, that the course pursued by the *Lapsleys*, in selling their stock as they did, was to the best of the interests of their creditors; and the jury evidently acted upon that testimony. In this the error of the verdict consists; whether the sale was advantageous to the creditors generally, or the reverse, was not the question before them.

Every act done by a debtor with the intent of depriving his creditor of the eventual right he has upon the property of such debtor, is illegal, and aught, as respects such creditor, to be avoided. C. C. 1964.

When, to prevent fraud, the law declares certain acts void, its provisions are not to be dispensed with, on the ground that the particular act in question has been proved not to be fraudulent. C. C. 19.

The avowed object of the sale being to delay the plaintiffs in the pursuit of their legal rights, came within art. 1964; and the jury were precluded by art. 19 from inquiring whether or not the sale was fraudulent.

We differ with the jury as to the good faith of the *Lapsleys*. They had abundant means of protecting the rights of the other creditors if they had really intended to do so. If, as they wrote to them, they only wanted time, they should have applied for a respite. If, as we believe, they were hopelessly insolvent, it was their duty to have made a voluntary surrender of their property. Any act beyond these remedies, by which the rights of individual creditors on the property of their debtor are intentionally delayed, or in any manner interfered with, is illegal; and no claim in damages or action of any kind can be predicated upon it, by any party to that act having knowledge of the intention.

It is therefore ordered and decreed, that the judgment in this case be reversed, and that there be judgment in favor of the plaintiffs in the original suit, and against the defendant, *Turner*, with costs in both courts.

### SAME CASE—ON AN APPLICATION FOR A RE-HEARING.

By the court: ˙ *(Slidell,* J., absent.)

EUSTIS, C. J.   The counsel for the appellees has asked for a re-hearing in this case, on the ground that the sheriff had no right to make the seizure of the goods in the store, even if the sale was fraudulent; and that, consequently, nominal damages must be due for this illegal act.

Conceding this to be true, the damages, under our view of the case, would be strictly nominal, for a sum over which the court of the first instance would not have jurisdiction.

We therefore, according to the uniform usage, give a party nothing, where his right amounts only to so small an amount, of which the law scarcely can be said to take heed.   Those demands can be recovered before justices of the peace; but the higher courts aught not to be occupied with them.

The re-hearing is therefore refused.